**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marana Aerospace Solutions Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>STLC Europe Twenty Five Leasing Limited, et al.,<br><br>Defendants. | No. CV-24-00499-TUC-RM<br><br>**ORDER** |

On July 15, 2024, Marana Aerospace Solutions Incorporated, d/b/a Ascent Aviation Services ("Plaintiff" or "Ascent") initiated this action by filing a Complaint in Pima County Superior Court against Defendants Bláfugl EHF, also known as Bluebird Nordic ("Bluebird"), and STLC Europe Twenty Five Leasing Limited ("STLC 25"). (Doc. 1-2 at 2-8.)[1] On October 9, 2024, Defendant Bluebird removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a)(2). (Doc. 1 at 1.). Before the Court are Plaintiff's Request for Open Extension of Time to Serve Defendant STLC 25 (Doc. 1-4 at 2-5),[2] Plaintiff's Motion to Remand (Doc. 10), and Defendant Bluebird's Motion to Extend Deadlines in Proposed Scheduling Order (Doc. 17), all of which are fully briefed.

For the reasons detailed below, the Court will deny the Motion to Remand and stay this matter pending proceedings in the United States Bankruptcy Court for the District of Arizona.

---

[1] All record citations refer to the page numbers generated by the Court's electronic filing system.
[2] Plaintiff's Request for Open Extension was filed in state court before the case was removed. (Doc. 1-4 at 2-5.)

## I.   Background

This case involves a dispute between Plaintiff and Defendants Bluebird and STLC 25 concerning unpaid charges for maintenance and storage services that Plaintiff provided for two Boeing aircraft. (Doc. 1-2.) The aircraft are owned by STLC 25, an Irish entity, and were previously leased to Bluebird, an Icelandic company. (*Id.* at ¶¶ 2-3, 5; Doc. 17 at 1.) In December 2021, Bluebird entered into an agreement with Plaintiff, whereby Plaintiff agreed to provide parking and maintenance services to Bluebird for the aircraft. (Doc. 1-2 at ¶ 6; Doc. 17 at 1.) However, due in part to sanctions imposed on Russian-related companies, the airplanes have remained unused since that time. (Doc. 17 at 1-2; Doc. 17-1.)[3]

Plaintiff's Complaint alleges two claims against Defendants. (Doc. 1-2 at 2-8.) In Count One, Plaintiff asserts a statutory lien on the aircraft pursuant to Arizona Revised Statutes § 33-1021 through § 33-1023. (*Id.* at ¶¶ 12-19.) Plaintiff claims a security interest in the aircraft arising from labor, materials, supplies, and storage furnished for the aircraft. (*Id.* at ¶ 17.) Plaintiff seeks a declaratory judgment authorizing it to foreclose on its lien and sell the aircraft. (*Id.* at ¶ 19(A)-(F).) In Count Two, Plaintiff alleges a breach of contract claim against Defendant Bluebird for failing to make payments under the maintenance services agreement. (*Id.* at ¶¶ 21-25.)

Defendant Bluebird has been served and has answered the Complaint; however, Defendant STLC 25 has not been served with the Summons and Complaint and has not made an appearance. (*See* Doc. 1-4.) Before service could be completed, STLC 25's parent company, GTLK Europe DAC ("GTLK"), initiated a Chapter 15 bankruptcy proceeding in the United States Bankruptcy Court for the District of Arizona, case number 2:24-bk-06452-MCW. (*Id.* at 3.) The bankruptcy proceeding has been active and ongoing. (*See* Doc. 74 in 2:24-bk-06452-MCW.) On October 1, 2024, the bankruptcy court issued an Order finding that any proceedings against STLC 25 were subject to the automatic

---

[3] The aircraft appear to be subject to actions by the United States Office of Foreign Assets Control against STLC 25's parent company, GTLK Europe DAC. (Doc. 7 at 2-3; Doc. 7-1 at 2.)

bankruptcy stay set forth in 11 U.S.C. § 362(a). (Doc. 50 at 4 in 2:24-bk-06452-MCW.) The court further clarified that Ascent shall "not be prohibited from proceeding" against Bluebird in the above-captioned civil action. (*Id.* at 5-6.)

On February 4, 2025, Ascent filed a Motion for Adequate Protection in the bankruptcy court. (Doc. 61 in 2:24-bk-06452-MCW.) In the Motion, Ascent requested that GTLK "be required to immediately pay Ascent for the full amount of past due maintenance charges" and "make periodic cash payment for future maintenance charges," or alternatively, that "the stay should be lifted allowing Ascent to foreclose its possessory mechanics lien." (*Id.* at 2, 6.) The bankruptcy court held a hearing on the Motion on April 2, 2025. (Doc. 74 in 2:24-bk-06452-MCW.) The court found that Ascent's lien is adequately protected given the appraised value of the aircraft, but the court ordered GTLK to make interim payments to Ascent of $5,000 per aircraft per month for storage. (*Id.* at 2.) The court ordered the parties to meet and confer to determine how best to effectuate repairs of a leak on one of the aircraft. (*Id.*) The court set a deadline of May 1, 2025, to file a proposed sale procedures motion, and directed that Ascent's lien attach to the sale proceeds. (*Id.*) The court set a status hearing for May 15, 2025. (*Id.*) STLC 25 and the appointed joint liquidators of GTLK filed a sales procedures motion on May 1, 2025, and Ascent filed a limited objection indicating the parties had reached a settlement concerning maintenance of the aircraft and payment of amounts due. (Docs. 75 and 77 in 2:24-bk-06452-MCW.)

**II.     Plaintiff's Request for Open Extension of Time to Serve Defendant STLC 25**

Before removal, Plaintiff filed a Request for Open Extension of Time to Serve STLC 25. (Doc. 1-4 at 2-5.) Plaintiff specifically requested that the state court (1) grant an open extension of time to serve STLC 25 or affirm that the actions Plaintiff had already taken were sufficient to establish proper service, and (2) allow Plaintiff to proceed solely against Defendant Bluebird. (*Id.* at 2.) After removal, Defendant Bluebird filed a Response in Opposition to Plaintiff's Request. (Doc. 7.) In the Response, Bluebird urges the Court not to prematurely foreclose its rights under Federal Rule of Civil Procedure 19,

1 arguing that it would suffer undue risks and prejudice if forced to litigate this case without
2 STLC 25. (*Id.* at 3-5.) In its Reply, Plaintiff explains that it filed its Request for Open
3 Extension in response a state-court notice that STLC 25 could be dismissed from this case
4 due to a lack of service under Rule 4 of the Arizona Rules of Civil Procedure. (Doc. 9;
5 Doc. 9-2 at 4.) However, Plaintiff argues that the state court's order was mooted by
6 Defendant's removal to this Court, and that the applicable Federal Rule of Civil Procedure,
7 Rule 4(f), does not specify deadlines for serving a foreign entity. (Doc. 9 at 3-4.)

A debtor's filing of a petition for bankruptcy operates as a stay of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor[.]" 11 U.S.C. § 362(a)(1). "The stay is self-executing and effective upon [the] filing of [the] bankruptcy petition." *Porter v. Nabors Drilling USA, L.P.*, 854 F.3d 1057, 1061 (9th Cir. 2017). The automatic bankruptcy stay applies to STLC 25. (Doc. 50 at 4 in 2:24-bk-06452-MCW.) Accordingly, Plaintiff's Request for Open Extension of Time to Serve Defendant STLC 25 will be granted. Plaintiff's deadline to serve STLC 25 will be extended until the automatic bankruptcy stay is lifted as to STLC 25.

**III.  Plaintiff's Motion to Remand**

In its Motion to Remand, Plaintiff argues that Bluebird's Notice of Removal is "facially defective" because it fails to show that Bluebird and STLC 25 are "juridical persons" under Icelandic and Irish law, respectively. (Doc. 10 at 1-6.) Plaintiff further argues that the citizenship of each entity should be determined based on the citizenship of its members, because nothing suggests the entities should be treated as corporations under 28 U.S.C. § 1332(c). (*Id.* at 6-7.) Bluebird argues in opposition that a notice of removal requires only a "short and plain statement," and that it has supplemented the record with expert evidence showing that Bluebird, an Icelandic Einkahlutafelag, abbreviated as EHF, and STLC 25, an Irish Private Company Limited by Shares, possess juridical attributes analogous to United States corporations. (Doc. 12.) In its Reply, Plaintiff contends that both entities are more akin to limited liability companies ("LLCs") than corporations.

(Doc. 15.)

A removing defendant bears the burden of establishing that removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A civil action filed in state court generally may be removed if the action could have been filed in federal court originally. 28 U.S.C. § 1441. An action may be filed in federal court based on diversity jurisdiction if the matter in controversy exceeds $75,000 and the action is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "When an action is removed based on diversity, complete diversity must exist at removal." *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986). The notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). If the complaint itself does not establish diversity, the notice of removal must supply the missing allegations. *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983). The court may also "consider later-provided evidence as amending a defendant's notice of removal." *General Dentistry for Kids, LLC v. Kool Smiles, P.C.*, 379 Fed. App'x 634, 636 (9th Cir. 2010).

For purposes of diversity jurisdiction, the citizenship of a non-incorporated entity is determined based on the citizenship of its members, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990), but a corporation is deemed to be a citizen of its place of incorporation and its principal place of business, 28 U.S.C. § 1332(c). In determining the citizenship of a foreign legal entity, however, the "determinative question" is not whether the entity "is a corporation for purposes of 28 U.S.C. § 1332(c), but instead whether [it] is a citizen or subject of a foreign state under 28 U.S.C. § 1332(a)(2)." *Cohn v. Rosenfeld*, 733 F.2d 625, 629 (9th Cir. 1984) (internal quotation marks omitted).[4] A foreign legal entity is a citizen or subject of a foreign state "so long as the entity is considered a juridical person under the

---

[4] Plaintiff invites the Court to disregard *Cohn* and instead follow Seventh and Eighth Circuit authority on this issue. (Doc. 10 at 6-7.) The Court declines to do so. *Cohn* is binding precedent, and Plaintiff has not shown that *Cohn* was effectively overruled by *Carden v. Arkoma Associates*, 494 U.S. 185 (1990), which did not involve foreign legal entities and thus did not resolve the "problem of fitting an exotic creation of the civil law into a federal scheme which knew it not." *Cohn*, 733 F.2d at 629 (internal quotation and alteration marks omitted).

law that created it." *Id.* Relevant factors include whether the entity's liability is limited to its capitalization, whether the entity can sue and be sued in its own name, whether recovery by the entity in litigation becomes an asset of the entity, and whether the entity is regarded as a legally independent organized enterprise. *Id.*

Here, Plaintiff's Complaint identifies Ascent as an Oregon corporation with its principal place of business in Arizona, and it identifies STLC 25 and Bluebird as foreign entities. (Doc. 1-2 at 2-3.) Bluebird's Notice of Removal identifies STLC 25 as an Irish entity and Bluebird as an Icelandic entity. (Doc. 1 at 2.) In opposition to Plaintiff's Motion to Remand, Bluebird asserts that STLC 25 and Bluebird are treated as juridical persons under Irish and Icelandic law, respectively, and Bluebird submits a declaration by attorney David M. Bixby in support of that assertion. (Doc. 12; Doc. 12-1.)[5] Bluebird asserts that an EHF may sue and be sued, enter into contracts, and conduct business in its own name. (Doc. 12 at 7.) Additionally, profits and liabilities are attributed to the EHF rather than to the shareholders, with limited shareholder liability, and the EHF has perpetual existence regardless of any changes in the status of its shareholders. (*Id.*) Similarly, Bluebird asserts that an Irish Private Company can contract and perform business activities in its own name, can own property, and offers limited liability to shareholders. (*Id.* at 8.) Furthermore, profits and liabilities accrue to the company, which has perpetual existence irrespective of changes in shareholder status. (*Id.* at 8.)

Based on the foregoing, the Court finds that Bluebird and STLC 25 are "citizens or subjects of a foreign state" under 28 U.S.C. § 1332(a)(2) and, therefore, that removal based on diversity jurisdiction was proper. *See Cohn*, 733 F.2d at 629; *see also, e.g., Deugoue v. Icelandair, ehf*, No. 1:23-CV-11615-IT, 2024 WL 4069020, at *3 (D. Mass. Sept. 5, 2024) (finding, in a case involving Icelandair, an EHF, that "the citizenship requirements of diversity jurisdiction are met—Deugoue is a citizen of Texas and Icelandair is a foreign

---

[5] Plaintiff objects to the Bixby declaration as inadmissible under Federal Rule of Evidence 702. (Doc. 15 at 7-10.) The Court overrules that objection pursuant to Federal Rule of Civil Procedure 44.1, which provides that "the court may consider any relevant material or source" to determine foreign law, whether or not the material is "admissible under the Federal Rules of Evidence."

- 6 -

corporation headquartered in Iceland"); *see also Associated Industries Ins. Co., Inc. v. Detail Constr. & Waterproofing, Inc.*, No. 5:16-CV-06042-HRL, 2017 WL 1661946, at *3 (N.D. Cal. May 3, 2017) (noting that "Plaintiffs have satisfactorily established the existence of diversity jurisdiction" where one plaintiff was an Irish Limited Company). Accordingly, Plaintiff's Motion to Remand will be denied.

### IV.     Defendant's Motion to Extend Deadlines in Proposed Scheduling Order

Defendant Bluebird seeks to extend deadlines in the proposed Scheduling Order due, in part, to ongoing bankruptcy proceedings that could resolve Plaintiff's claims. (Doc. 17 at 3; *see also* Doc. 20 at 4-5 (seeking to "stay any further activity in this case until the bankruptcy court resolves Plaintiff's pending request for payment").) Bluebird asserts that Plaintiff is seeking full monetary recovery in the bankruptcy court, which is the more suitable forum for resolution because STLC 25's interests are actively represented there. (Doc. 20 at 5.) Accordingly, Bluebird argues that proceeding in the above-captioned matter at this time would waste resources and risk inconsistent rulings. (*Id.* at 4.) Plaintiff opposes the extension, arguing that further delays are unwarranted and could be harmful because one aircraft is leaking hazardous chemicals. (Doc. 19.)

District courts have inherent power to stay proceedings in their respective courts. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). In determining whether to stay proceedings, the court must weigh:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Here, the potential damage to Plaintiff resulting from a stay is minimal. Plaintiff's environmental concerns regarding the leaking aircraft are serious, but the bankruptcy court has already ordered Plaintiff and GTLK to "immediately meet and confer and determine

- 7 -

how best to effectuate repairs concerning the leak on the aircraft" (Doc. 74 at 2 in 2:24-bk-06452-MCW), and the parties appear to have reached an agreement regarding repairing the leak (Doc. 77 at 2 in 2:24-bk-06452-MCW).  Furthermore, Plaintiff's financial interest is actively being pursued in the bankruptcy court, where GTLK has been ordered to make interim payments to Plaintiff for the storage of both aircraft.  (Doc. 74 at 2 in 2:24-bk-06452-MCW.)

In contrast, the hardship to Defendant Bluebird and the undermining of judicial economy would be substantial if this litigation proceeded in parallel with the bankruptcy case.  Plaintiff seeks the same monetary relief against STLC 25's parent entity in the bankruptcy court as it does against STLC 25 and Bluebird in this Court.  This raises a serious possibility of duplicative litigation, conflicting judgments, and a waste of judicial resources.  (*See* Doc. 17-2 at 14; Doc. 19 at 5 (in which Plaintiff states, in both Courts, "[Plaintiff] is owed no less than $504,025.01 for its maintenance services, parking, interest and attorneys' fees on the Two Aircraft.").  Plaintiff seeks an order allowing it to sell the aircraft in both the bankruptcy court and in this Court.  (Doc. 1-2 at 6-7; *see* Doc. 74 in 2:24-bk-06452-MCW.)  A sales procedure motion is pending in the bankruptcy court.  (Doc. 75 in 2:24-bk-06452-MCW.)  Plaintiff has raised the issue of the leaking aircraft in both the bankruptcy court and in this Court, and the bankruptcy court has directed the parties to meet and confer regarding necessary repairs concerning the leak.  (Doc. 19 at 5; Doc. 74 in 2:24-bk-06452-MCW.)  The bankruptcy court is a more appropriate forum to adjudicate Plaintiff's claims, given that STLC 25's interests are actively represented there.  The bankruptcy court's resolution of the issues raised by Plaintiff could simplify or moot many of the contested issues here.

Based on the foregoing, the Court will stay this case until the bankruptcy court resolves the sale of the aircraft and/or Plaintiff's request for payment.  The Court finds good cause under Federal Rule of Civil Procedure 16(b)(2) to delay issuance of a scheduling order in the above-captioned matter until the lifting of the stay.  The parties must promptly inform this Court of any significant developments in the bankruptcy

proceeding that may affect the litigation in the above-captioned case.  Defendant's Motion to Extend Deadlines will be granted to the extent this Order provides the relief requested and will otherwise be denied as moot.

**IT IS ORDERED**:

(1) Plaintiff's Request for Open Extension of Time to Serve STLC Europe Twenty Five Leasing Limited (Doc. 1-4 at 2-5) is **granted**, as set forth above.

(2) Plaintiff's Motion to Remand (Doc. 10) is **denied**.

(3) Defendant's Motion to Extend Deadlines in Proposed Scheduling Order (Doc. 17) is **partially granted** to the extent this Order provides the relief requested, and is otherwise **denied as moot**.

(4) The above-entitled action is **stayed** pending further Order of this Court.

(5) Within **fourteen (14) days** from the date this Order is filed, and **every sixty (60) days** thereafter, the parties shall file a status report regarding the status of GTLK Europe DAC's bankruptcy proceeding in the United States Bankruptcy Court for the District of Arizona, case number 2:24-bk-06452-MCW.  The parties shall notify this Court within **seven (7) days** of the bankruptcy court's resolution of any sales procedure motion affecting the aircraft at issue.  The parties shall also promptly notify the Court of any other developments in the bankruptcy proceeding that may impact the stay in the above-captioned matter.

Dated this 12th day of May, 2025.

_____
Honorable Rosemary Márquez
United States District Judge